PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**December 14, 2005**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br><br>DONNA J. TANZI,<br><br>                Debtor. | Case No. 02-43072 (Lead)<br>(Jointly Administrated) |
| In re:<br><br>JOHN D. TANZI,<br><br>                Debtor. | Case No. 02-43115 |
| JOHN TANZI and DONNA TANZI, husband and wife,<br><br>                Plaintiffs,<br><br>    v.<br><br>JEROME SHULKIN and JANE DOE SHULKIN, husband and wife; and SHULKIN HUTTON, INC., P.S., a Washington professional corporation,<br><br>                Defendants. | **Adversary No. A04-4166 (Lead)**<br>(Consolidated)<br><br><br><br>**MEMORANDUM DECISION ON (1) MOTION TO CLARIFY OR AMEND ORDER; (2) MOTION FOR NEW TRIAL; AND (3) MOTION FOR RECONSIDERATION**<br><br><br>**NOT FOR PUBLICATION** |
| In re:<br><br>DONNA J. TANZI,<br><br>                Debtor. | Case No. 02-43072 (Lead)<br>(Jointly Administrated) |

NOT FOR PUBLICATION

MEMORANDUM DECISION - 1

| | |
|---|---|
| In re:<br><br>JOHN D. TANZI,<br><br>　　　　　　　Debtor. | Case No. 02-43115 |
| SHULKIN HUTTON, INC., P.S.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DONNA J. TANZI and JOHN D. TANZI,<br><br>　　　　　　　Defendants. | **Adversary No. A04-4181**<br>(Consolidated) |

THIS MATTER came before the Court on November 30, 2005, on Jerome Shulkin (Shulkin) and Shulkin Hutton, Inc., P.S.'s (Shulkin Hutton) Motion to Clarify or Amend Order, and Donna J. Tanzi and John D. Tanzi's (Tanzis) Motion for New Trial and Motion to Reconsider Order Regarding Attorney Fees and Costs and Denying Plaintiffs' Claims for Professional Negligence. Based on the arguments made and pleadings filed, the following constitutes the Court's memorandum decision.

**I**

**SHULKIN AND SHULKIN HUTTON'S MOTION TO CLARIFY OR AMEND ORDER**

Shulkin and Shulkin Hutton have requested that this Court clarify or amend its October 20, 2005 Order Regarding Attorney Fees and Costs and Denying Plaintiffs' Claims for Professional Negligence (Order) to specify that the party required to disgorge the attorney fees is Shulkin Hutton, not Shulkin individually. Shulkin and Shulkin Hutton argue that the fee disgorgement should be directed only to Shulkin Hutton, because Shulkin Hutton, not Shulkin individually, was the entity that was employed by the Tanzis and the entity that received attorney fee payments.

MEMORANDUM DECISION - 2

NOT FOR PUBLICATION

This issue was never raised in prior pleadings, the Agreed Pre-Trial Order, or at trial. At no time in these lengthy proceedings or in the voluminous pleadings did Shulkin make an attempt to separate his personal liability from that of Shulkin Hutton. The Court concludes that Shulkin and Shulkin Hutton are bound by the issues set forth in the Agreed Pre-Trial Order, and that this Court's Order requiring Shulkin to personally disgorge a portion of the fees received was not in error.

Additionally, Shulkin's argument misinterprets the legal relationship between the Tanzis, Shulkin, and Shulkin Hutton. Shulkin Hutton is not merely a business corporation, it is a professional services corporation. One of the distinguishing characteristics of a professional services corporation is that a lawyer may remain personally liable for acts he or she personally performed. See RCW 18.100.070. This is in contrast to the standard corporate form where personal liability is imposed against shareholders or officers/directors only in exceptional circumstances.

In accordance with RCW 18.100.070, "[a]ny director, officer, shareholder, agent or employee of a corporation organized under this chapter shall remain <u>personally and fully liable and accountable for any negligent or wrongful acts or misconduct</u> committed by him . . . while rendering professional services on behalf of the corporation to the person for whom such professional services were being rendered." (Emphasis added.) In its oral decision, this Court concluded that the fees sought should be reduced due to, among other matters, Shulkin's failure to advise the Tanzis of the hiring, billing rates, or method of payment of the several contract lawyers who participated in the bankruptcy case, or to have the contract lawyers employment, who worked on the case during the Chapter 11, approved by the Court. Additionally, Shulkin incorrectly charged the Tanzis for the contract attorney services as an
NOT FOR PUBLICATION
MEMORANDUM DECISION - 3

expense, thus not complying with 11 U.S.C. § 330, failed to properly supervise deposits and filed requests for fees and expenses that were contradictory and duplicative. This is not a simple corporate contractual liability case where the corporate form would normally shield an employee from direct liability. Rather, the liability stems directly from the professional relationship that existed between the Tanzis and Shulkin, individually, and the professional services he personally performed or failed to perform. It is this relationship that requires Shulkin to be individually liable under RCW 18.100.070. The manner in which he personally handled or failed to supervise the entire billing relationship with his clients, the Tanzis, was clearly wrongful and/or negligent.

**II**

**TANZIS' MOTION FOR NEW TRIAL AND MOTION TO RECONSIDER THE COURT'S OCTOBER 20, 2005 ORDER REGARDING ATTORNEY FEES AND COSTS AND DENYING PLAINTIFFS' CLAIMS FOR PROFESSIONAL NEGLIGENCE**

The Tanzis request that the Court order a new trial on the Tanzis' professional negligence claim before a new judge or a jury. The Court, however, concludes that grounds for a new trial have not been established. The Tanzis' request for a jury trial was previously denied by this Court on December 27, 2004. The time period for seeking reconsideration of the Court's ruling on this issue has passed in accordance with Local Rules W.D. Wash. Bankr. 9013-1(h). Relief under Fed. R. Civ. P. 60 has not been requested, nor have grounds for such relief been established.

Counsel for the Tanzis clarified, at the November 30, 2005, hearing, that they are not seeking recusal at this time. This request, in any case, would be untimely and grounds requiring recusal pursuant to 28 U.S.C. § 455 have not been stated.

MEMORANDUM DECISION - 4

The Tanzis' motion for reconsideration next requests that the Court reconsider its determination that Shulkin was not negligent in advising the Tanzis to select a California domicile. The Tanzis take issue with the fact that, in ruling on this issue, the Court did not conclude that the testimony of the Tanzis' expert witnesses was determinative. As stated in the Court's oral decision, even if more weight had been given their testimony, the negligence claim failed because the Tanzis were unable to establish a breach of duty. A breach of duty could not be established because it is not negligence for an attorney to advise a client to select their only legally correct domicile, no matter what affect the selection had on the Tanzis' ability to exempt certain property.

Additionally, as previously concluded by this Court, even if a breach of duty had been established, the Tanzis were unable to establish proximate cause because the Court was unconvinced that had the Tanzis originally selected Washington as their domicile, objections by third parties would not have been made. The evidence was considerable that as between California and Washington, California was their domicile. Credibility determinations and the weight to be given to a particular witness or expert opinion is never simple, particularly in a case such as this with a lengthy history before the Court. In considering the evidence in this case, the Court did not view the expert testimony lightly, particularly when Shulkin provided no expert testimony, other than his own, in his defense on this issue. The weight to be given expert testimony, however, is within the sound discretion of the trial court, and the Court is not required to strictly follow expert opinions. See Flinn v. Rains (In re Rains), 428 F.3d 893, 902 (9th Cir. 2005).

MEMORANDUM DECISION - 5

For the reasons stated in the oral decision, the Court concludes that its determination on the issue of domicile and the weight given the testimony of the witnesses was well grounded in fact and not in error.

The Tanzis next request that the Court reconsider its conclusion that Shulkin was not negligent in failing to enter into settlement negotiations. In addition to the arguments made at the November 30, 2005, hearing, the Court has carefully reviewed the excerpts from Shulkin's testimony provided by the Tanzis in support of their motion for reconsideration. As the Court has stated throughout these proceedings, the arguments and comments made by both counsel were substantive and professional. The Court, however, is convinced that its conclusion on the issue of failure to settle is correct.

The Tanzis take issue with the fact that the Court's decision considered a settlement letter filed in the main bankruptcy case that was not introduced into evidence by either party. The Court, however, was specifically asked by the parties to take judicial notice of all pleadings filed in the case. Even if judicial notice had not been requested, it is not error for a judge in an adversary proceeding to take judicial notice of documents filed in the debtor's underlying bankruptcy case. See, e.g., Florida Bd. of Trs. of Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc., 514 F.2d 700, 704 (5th Cir. 1975). The settlement letter, in any case, was certainly not determinative on this issue and merely provided additional confirmation, when considered with other documentary evidence submitted, such as time records, that a settlement offer was made by Shulkin on behalf of the Tanzis.

For the reasons stated in the Court's October 20, 2005 oral decision, the Court concludes that substantial evidence exists to support the Court's conclusions. In their motion for reconsideration, the Tanzis have failed to establish any manifest error, new facts, or legal

MEMORANDUM DECISION - 6

Case 04-04166-PBS    Doc 199    Filed 12/14/05    Ent. 12/14/05 09:18:24    Pg. 6 of 7

authority that could not have been brought to the attention of the Court earlier with reasonable diligence. Local Rules W.D. Wash. CR 7(h)(1); <u>Rainier Title Co. v. Demarest (In re Demarest)</u>, 176 B.R. 917, 920 (Bankr. W.D. Wash. 1995), <u>aff'd</u>, 124 F.3d 211 (9th Cir. 1997). The Court concludes that Shulkin remains individually liable to the Tanzis for the disgorgement, and that the Tanzis' motions are denied.

DATED: December 14, 2005

*Paul B. Snyder*

Paul B. Snyder
U.S. Bankruptcy Judge

NOT FOR PUBLICATION

MEMORANDUM DECISION - 7